## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MILCAH BARAONA | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No.: 1:21-cv-1951** |
| | ) | |
| **VILLAGE OF NILES,** | ) | |
| a Municipal Corporation | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Demand** |

### COMPLAINT

**NOW COMES** the Plaintiff, MILCAH BARAONA, by and through her undersigned attorney, Arthur R. Ehrlich of the Law Offices of GOLDMAN & EHRLICH, CHTD., and as her Complaint against Defendant, VILLAGE OF NILES, states as follows:

1. This is an action brought under Title VII, 42 U.S.C. § 2000e *et seq.*, for discrimination based on Plaintiff's race, religion, and retaliation. Jurisdiction exists under 42 U.S.C. § 2000e *et seq.*. Venue exists because Plaintiff and Defendant reside in the Northern District of Illinois.

2. Plaintiff filed a timely charge for discrimination with the Equal Employment Opportunity Commission (EEOC) in or about December of 2019, and the EEOC issued a Right to Sue letter to Plaintiff which was mailed on January 13, 2021, and Plaintiff received on January 17, 2021. Plaintiff's EEOC charge was initially based on race and religion and she also informed the EEOC that Defendant was also retaliating against her based on her complaints of discrimination.

3. Plaintiff, MILCAH BARAONA, is a resident of Chicago, Illinois. Plaintiff's race is Black, African American, and she is a practicing member of the Jehovah Witnesses. She is currently employed by Defendant.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4.     Defendant, VILLAGE OF NILES, is a municipal corporation organized under the laws of the State of Illinois.

5.     Plaintiff began working for Defendant in or about May 2015 as a Program Coordinator.  She is currently employed by Defendant as of the filing of this complaint.

6.     Plaintiff met or exceeded Defendant's reasonable performance expectations in her position.

## COUNT I
## RACE DISCRIMINATION

7.     Defendants have engaged in a pattern and practice of racial discrimination against Plaintiff by subjecting her to different terms and conditions of employment, and engaged in a continued pattern and practice of disparate treatment compared to Caucasian and non black employees during her employment.  This collective acts of discrimination have created a hostile work environment.

8.     Defendant's action against Plaintiff included frequently subjecting her to added scrutiny, holding her to different performance expectations and standards, and disciplining her based on false allegations or for alleged incidents for which non black employees were not disciplined.

9.     Defendant has given unfair and inaccurate performance ratings to Plaintiff since 2018 without supporting facts or foundation.  Defendant did not respond to her requests for specific details and facts that supported the alleged performance issues, which made it impossible for Plaintiff to refute these false claims or address any perceived deficiencies.  This deprived her of the ability to address any perceived issues thereby directly affecting her ability to obtain appropriate performance based  pay increases.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

10.     Defendant issued her 2019 performance evaluation approximately three months after other employees received their evaluations.  This evaluation was based on false and unsupported alleged performance issues which deprived her of an appropriate salary increase.

11.     After repeatedly ignoring her requests for her 2020 evaluation, Defendant initially stated that she would not receive this evaluation because her performance had not improved from 2019.  Defendant subsequently and belatedly decided that it would issue her a performance evaluation which was also based on false and unsupported alleged claims of performance issues and deprived her of an appropriate pay increase.

12.     When Defendant advised plaintiff and other employees at a meeting that Village Trustees believed their performance needed to improve, Plaintiff asked what metrics and measurements would be used for evaluating their performance.  Defendant criticized her for asking these reasonable questions claiming that it reflected a negative attitude.

13.     Defendant took no action against non black employees at this meeting who stated that some of the processes or decisions created by Village Trustees performance were "stupid" and "crazy."

14.     Defendant has disciplined Plaintiff based on either false or trivial incidents while not disciplining non black employees who engaged in similar or worse alleged conduct.

15.     Plaintiff was disciplined in or about June of 2019 when a Caucasian employee falsely claimed that Plaintiff told a Caucasian Village resident that she was not getting enough support from the Defendant for her programs.  Defendant claimed that Plaintiff's alleged statement made the defendant look bad.

16.     In fact, Plaintiff never made this comment.  Defendant conceded in a response to a complaint filed with the Department of Labor or OSHA that the Village resident only indicated that this was the resident's belief, and Plaintiff had not made that statement.  This disciplinary

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

incident was still relied on as a basis for issuing Plaintiff a negative performance rating and limiting her salary increase.

17.     In October of 2020, a non black employee misled a black vendor into believing that Plaintiff was no longer working on programs for Defendant.  The vendor believed that the employee's comments about the Plaintiff and vendor raised racial implications.  Yet, Defendant failed to take any corrective action against the non black employee when a complaint was made about this incident.

18.     Rather than disciplining this employee, Defendant told Plaintiff to talk to the employee to resolve this incident.  When Plaintiff stated that she was hesitant to do this, Defendant remarked that this employee was not comfortable speaking with Plaintiff, either, and questioned Plaintiff in an accusatory manner as to why that employee felt uncomfortable with Plaintiff. Defendant did not explain why it first advised Plaintiff to speak with this employee if that employee was not comfortable with Plaintiff.

19.     When non black employees made a complaint against Plaintiff, Defendant was quick to discipline Plaintiff without obtaining her response to the accusation and did not advise those employees to talk to her to resolve their alleged issues.

20.     Defendant has not disciplined non black employees who made racist or unprofessional comments which were either reported by Plaintiff or made in the presence of the unit Director.  One employee stated that "only civilized countries speak English," another used the term "dago tees" in a racist context, while another employee often stated "me no habla ingles" when she did not wish to answer questions asked by Village residents.  When Plaintiff complained about this, Defendant's HR Manager stated "why does it bother you? You're not Latino."

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

21.     Defendant has also refused Plaintiff's request for time to attend training sessions in 2018 and other dates, and has refused her request for a stand up desk.  Requests from non black employees for time off and for stand up desks were approved.

22.     Defendant has also engaged in other discriminatory and racially insensitive practices.  In or about August of 2020, the unit Director and another employee gave an award to a resident for the best mask at a Village event though she was wearing a "black face" mask, directed Plaintiff to post this award on social media, and chastised Plaintiff for complaining about this mask.

23.     Defendant has also treated black citizens differently from non blacks.  In or about November of 2017, Defendant had a black woman arrested for trespassing who then spent a year in jail.  Defendant took no action against Caucasian individuals who engaged in criminal actions, including an individual who was threatening Village employees and making bomb threats in or about April of 2019, nor against 2 non black individuals who were seen stealing a phone and other materials from the Village in or about the Fall of 2019.

24.     These actions have had an adverse impact on Plaintiff and created a hostile work environment for Plaintiff and caused Plaintiff to loss salary increases.  Defendant has not taken these actions against non black employees.

25.     Defendant's actions were willful and malicious, and violated Title VII, 42 U.S.C. §2000e *et seq*.  Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

26.     Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

5

A. Actual damages for lost salary and employment benefits in an amount in excess of Sixty Thousand Dollars ($60,000.00);

B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

C. Attorney's fees and costs; and

D. Such other relief as this Court deems appropriate.

**COUNT II**
**DISCRIMINATION BASED ON RELIGION AND FAILURE TO ACCOMMODATE**

1-6. Plaintiff realleges ¶¶1-6 of Count I, above, as ¶¶ 1-6 in this Count II.

7. Defendant has engaged in a pattern and practice of discrimination against Plaintiff based on her religion, subjected her to different standards, and refused to accommodate her religious beliefs and practices. This has created a hostile work environment.

8. Plaintiff's religion prohibits her from engaging in any acts that may be seen as self promoting. This includes prohibitions against participating in personal celebrations or being involved with birthday celebrations. Plaintiff must also attend religious services.

9. Although Plaintiff has explained this religious prohibition to her Director, the Director has repeatedly tried to force Plaintiff to participate in these activities that would violate her religious beliefs, including attending employee birthday parties, and repeatedly asking her to sign birthday cards. This has occurred from 2017 through 2020.

10. This Director has asked Plaintiff to work on Saturday mornings or on other occasions which interfere with her religious practices of attending worship services on those occasions. Though her Director is aware of when Plaintiff needs to attend her worship services, it was noted in her 2019 performance evaluation that she should perform work on Saturday mornings or during other times when the Director knows that she attends these services.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

11.    This Director has also made dismissive comments to Plaintiff about religious activities.  The Director mocked Plaintiff for writing letters to the Russian government to allow Jehovah witnesses to practice their religion in Russia and made dismissive and derogatory comments about a child who prayed before eating meals.

12.    Defendant penalized Plaintiff for not attending its annual holiday luncheon where Christmas is prominently promoted.  Plaintiff's religion prohibits her from attending these celebrations.  Defendant required Plaintiff to work at the office until 5:00 pm on the day of those celebrations since she was not attending that event, while those employees who do attend are allowed to go home after the party concludes around 2:00 pm, and refused to let Plaintiff take time off on those days.

13.    When Plaintiff filed discrimination complaints over these actions, Defendant falsely claimed that its holiday luncheon was an employee appreciation day though it continued to promote Christmas at these annual events.

14.    These actions have had an adverse impact on Plaintiff and created a hostile work environment.  Defendant has not taken these actions against non-religious employees or employees who practice other religions.

15.    Defendant's actions were willful and malicious, and violated Title VII, 42 U.S.C. §2000e *et seq*.  Defendant's conduct has caused Plaintiff to lose salary increases and other employment benefits and caused Plaintiff emotional distress.

16.    Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A.    Actual damages for lost salary and employment benefits in an amount in excess of Sixty Thousand Dollars ($60,000.00);

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

B.     Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

C.     Attorney's fees and costs; and

D.     Such other relief as this Court deems appropriate.

## COUNT III
## RETALIATION

1-6.    Plaintiff realleges ¶¶1-6 of Count I, above, as ¶¶ 1-6 in this Count III.

7.     Plaintiff made internal complaints to Defendant about discrimination in the work place, as alleged in Counts I and II, above, opposed other discriminatory acts as alleged in Count I, above, and filed a charge of discrimination with the EEOC.

8.     Defendant engaged in repeated acts of retaliation against Plaintiff for making these protected complaints.  These retaliatory acts often occurred shortly after Plaintiff made her complaints,

9.     Defendant gave Plaintiff unfair and inaccurate performance ratings without supporting facts or foundation, and failed to respond to her requests for specific details and facts that supported the alleged performance issues.  This prevented Plaintiff from providing a rebuttal that could refute these false claims or address any perceived deficiencies.  This deprived her of the ability to address any perceived issues thereby directly affecting her ability to obtain performance based  pay increases.

10.     Defendant delayed issuing her 2019 performance evaluation by approximately three months after she filed her EEOC charge, and at first refused and then delayed to issue her the performance evaluation for 2020.  Both of these evaluations were based on false or unspecified claims about her performance.

11.     When Plaintiff asked about what metrics and measurements would be used for evaluating performance at a meeting.  Defendant claimed that these reasonable questions reflected

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

a negative attitude. Defendant took no action against other employees at this meeting who stated that the processes or decisions created by the Village Trustees were "stupid" and "crazy." These employees had not made complaints of discrimination.

12.     Defendant has disciplined Plaintiff based on either false or trivial incidents as retaliation for her protected complaints of discrimination.

13.     Plaintiff was disciplined in or about June of 2019 when a Caucasian employee falsely claimed that Plaintiff told a Caucasian Village resident that she was not getting enough support from the Defendant for her programs. Defendant claimed that Plaintiff's alleged statement made the Defendant look bad.

14.     Plaintiff never made this comment and Defendant later conceded in a response to a complaint filed with the Department of Labor or OSHA that the Village resident only indicated that this was the resident's belief, and Plaintiff had not made that statement. Yet, Defendant still cited this discipline as a basis for issuing her a negative evaluation.

15.     In October of 2020, an employee misled a black vendor into believing that Plaintiff was no longer working on programs for Defendant. The vendor believed that the employee's comments about the Plaintiff and vendor raised racial implications. Yet, Defendant failed to take any corrective action against this employee when a complaint was made about this incident.

16.     Rather than disciplining this employee, Defendant told Plaintiff to talk to the employee about this. When Plaintiff stated that she was hesitant to do this, Defendant remarked that this employee did not want to speak with Plaintiff, either, and questioned Plaintiff in an accusatory manner as to why that employee did not like Plaintiff.

17.     Defendant has not disciplined employees who have not complained of discrimination though these employees made racist or unprofessional comments which were either reported by Plaintiff or made in the presence of the unit Director. One employee stated that "only

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

civilized countries speak English," another used the term "dago tees" in a racist context, while another employee often stated "me no habla ingles" when she did not wish to answer questions asked by Village residents. When Plaintiff complained about this, Defendant's HR Manager stated "why does it bother you? You're not Latino."

18.     Defendant did not take these actions against employees who did not file complaints of discrimination.

19.     Each of these aforementioned acts were taken against Plaintiff in retaliation for complaining about discrimination. Defendant's actions were willful and malicious.

20.     Defendant's actions violated 42 U.S.C. § 2000e et seq., caused Plaintiff to lose salary and other employment benefits and has caused Plaintiff emotional distress.

21.     Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, requests judgment in favor of Plaintiff and against the Defendant and that the following relief be awarded:

A.     Actual damages in a sum in excess of Sixty Thousand Dollars ($60,000.00);

B.     Compensatory damages in a sum in the amount of Three Hundred Thousand Dollars ($300,000.00);

C.     Attorneys' fees and costs of this suit pursuant to 42 U.S.C. §1988; and

D.     Such other relief as this court deems appropriate.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

 /s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH,
as attorney for Plaintiff MILCAH BARAONA

Arthur R. Ehrlich
Law Offices of Goldman & Ehrlich
10 S. La Salle Street, Suite 1800
Chicago, IL 60603
(312) 332-6733
arthur@goldmanehrlich.com